IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ORLANDO JEFFERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 323-055 |
| | ) |
| WHEELER CORRECTIONAL FACILITY; | ) |
| GEORGIA DEPARTMENT OF | ) |
| CORRECTIONS; CORE CIVIC | ) |
| SECURITY; SHERRY SHEPARD; | ) |
| DOCTOR NEAU; and C/O SPIKES, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. Plaintiff filed a motion to show cause for a preliminary injunction and temporary restraining order. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**. (Doc. no. 17.)

I. Discussion

In his three-page handwritten filing, Plaintiff seeks injunctive relief because the named Defendants are "acting in concert" by keeping Plaintiff incarcerated. (Doc. no. 17, p. 1.) Plaintiff contends he filed a "demand for speedy trial" in Dekalb County, Georgia, and "now wishes to be released" from prison. (Id.) Plaintiff also requests Defendants keep inmates out of his isolation cell, a bottom bunk profile, and television or a tablet. (Id. at 2.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion here.  Plaintiff's generalized and conclusory allegations against Defendants fail to establish a substantial threat that he will suffer irreparable injury if the injunction is not granted.  Moreover, it is well-settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons.  See Bell v. Wolfish, 441 U.S. 520, 547 (1979).  Thus, Plaintiff is not entitled to the relief he seeks.

**II.     Conclusion**

For these reasons, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to show cause for a preliminary injunction and temporary restraining order be **DENIED**.  (Doc. no. 17.)

SO REPORTED and RECOMMENDED this 5th day of October, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA