IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

ORLANDO JEFFERSON,               )
                                 )
            Plaintiff,           )
                                 )
      v.                         )          CV 323-055
                                 )
WHEELER CORRECTIONAL FACILITY;   )
GEORGIA DEPARTMENT OF            )
CORRECTIONS; CORE CIVIC          )
SECURITY; SHERRY SHEPARD;        )
DOCTOR NEAU; and C/O SPIKES,     )
                                 )
            Defendants.          )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, currently incarcerated at Wheeler Correctional Facility in Alamo, Georgia,

filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*

("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect

potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*);

Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.     **SCREENING THE COMPLAINT**

       A.     **BACKGROUND**

In his complaint, Plaintiff names as Defendants: (1) Wheeler Correctional Facility

("WCF"), (2) Georgia Department of Corrections ("GDOC"), (3) Core Civic Security, (4)

Sherry Shepard, (5) Doctor Neau, and (6) C/O Spikes. (Doc. no. 1, pp. 1, 3.) Taking all of

Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts

are as follows.  On July 31, 2022, Plaintiff was working on a detail in Jefferson County, Georgia, when the tractor he was driving malfunctioned.  (Id. at 4.)  He was taken off the tractor and told to spray signs and guardrails.  (Id.)  After taking his break, Plaintiff felt his lower back was dislocated from his hips.  (Id.)  I.W. Davis did not file an incident report.  (Id.)  At a later unidentified point, Plaintiff saw a doctor, had x-rays, and also received pain medication, but he never received the doctor's recommendations or x-ray results.  (Id. at 4-5.)  Plaintiff believes he had a spinal cord injury.  (Id. at 5.)  For relief, Plaintiff requests follow-up treatment and monetary damages.  (Id.)

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual

allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed

factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked

assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555,

557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w]

that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding

them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S.

89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However,

this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow

v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants GDOC, Shepard, Neau, and Spikes

The Eleventh Circuit has held that a district court properly dismisses a defendant where

a prisoner, other than naming the defendant in the caption of the complaint, fails to state any

allegations that associate the defendant with the purported constitutional violation.  Douglas

v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties

in pleading, we must demand that the complaint state with some minimal particularity how

overt acts of the defendant caused a legal wrong.").  While Plaintiff names Defendants GDOC,

Shepard, Neau, and Spikes in the caption of his complaint, Plaintiff does not mention them

anywhere in the statement of his claim nor does he make any allegations associating any of these

3

Defendants with any purported constitutional violations.  (See generally doc. no. 1.)  Dismissal of Defendants GDOC, Shepard, Neau, and Spikes is therefore appropriate.  See Douglas, 535 F.3d at 1321-22.

### 3.    Plaintiff Fails to State a Claim Against Wheeler Correctional Facility

Defendant WCF is not a proper party, as jails and prisons are not legal entities subject to liability in § 1983 claims.  See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law).  As Defendant WCF is a state prison, it is not a proper party, and the claims against it should be dismissed.

### 4.    Plaintiff Fails to State a Claim Against Defendant Core Civic

Plaintiff names Core Civic, a private corporation operating WCF, however, Plaintiff does not mention Core Civic anywhere in the statement of his claim and presumably requests damages for his alleged injuries that occurred under its supervision.  (See generally doc. no. 1.)  As the Eleventh Circuit has explained, "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008); see also Iqbal, 556 U.S. at 678.  Plaintiff has failed to provide any detail concerning Defendant Core Civic's role in his complaint allegations.

Moreover, Defendant Core Civic cannot be held liable merely in light of its supervisory

position as an employer and administrator of a state prison.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory); see also Vick v. Core Civic, 329 F. Supp. 3d 426, 445 (M.D. Tenn. 2018) (finding Core Civic is a state actor under § 1983, but "[to] hold Core Civic liable, the Plaintiff cannot rely on the theory of respondeat superior or vicarious liability.").

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  "Therefore, to hold an employer such as Core Civic liable, Plaintiff must demonstrate that either Core Civic actually participated in the alleged constitutional violation or there is a causal connection between the actions of Core Civic and the alleged constitutional violation."  Anderson v. Hall, No. 5:19-CV-6, 2020 WL 2896682, at *3 (S.D. Ga. May 29, 2020), *adopted by* 2020 WL 3406329 (S.D. Ga. June 19, 2020).  Here, though he does expressly not say as much, Plaintiff appears to name Defendant Core Civic not because of the corporation's direct involvement in the events about which he complains, but by virtue of its role as an employer and administrator at Wheeler.

Therefore, Plaintiff must allege a causal connection between Defendant Core Civic and the asserted constitutional violations in order to hold it liable.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation); see also Ireland v. Prummell, No. 20-10539, 2022 WL 16912130, at *5 (11th Cir. Nov. 14, 2022) (explaining while private contractors at jails may be liable under § 1983, liability may not be premised on *respondeat superior*); Curtis v. CoreCivic, Inc., No. CV 321-015, 2021 WL 4227065, at *3 (S.D. Ga. Sept. 16, 2021) ("[A] § 1983 plaintiff must also identify the private entity's policy or custom that led to the alleged constitutional violation.").

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'"  Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences."  Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation.  Plaintiff has not alleged (1) a history of widespread abuses by Defendant Core Civic

at WCF, (2) an improper custom or policy put in place by Defendant Core Civic, or (3) an inference Defendant Core Civic directed anyone to act, or knew that an individual would act, unlawfully.   Indeed, as already explained above, Plaintiff does not mention Defendant Core Civic in his statement of the claim.   Therefore, Defendant Core Civic should be dismissed from this case for failure to state a claim.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of November, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA